**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| THE WEINSTEIN COMPANY HOLDINGS, LLC, *et al.*, | Case No. 18-10601 (MFW) |
| | (Jointly Administered) |
| Debtors. | |
| LANTERN ENTERTAINMENT LLC, | Adv. Proc. No. 18-50924 (MFW) |
| Plaintiff, | |
| v. | |
| BRUCE COHEN PRODUCTIONS, and BRUCE COHEN, | |
| Defendants. | |

**ANSWER AND AFFIRMATIVE DEFENSES OF**
**DEFENDANTS BRUCE COHEN PRODUCTIONS AND BRUCE COHEN**

Defendants Bruce Cohen Productions and Bruce Cohen (collectively, "**Cohen**") hereby answer the Complaint[1] filed by plaintiff Lantern Entertainment LLC ("**Lantern**") as follows.

**NATURE OF ACTION**[2]

1.      Plaintiff seeks a declaratory judgment that a certain agreement entered into between The Weinstein Company and Bruce Cohen is a nonexecutory contract and, thus, was properly assigned to Lantern pursuant to Section 363 of title 11 of the United States Code, 11 U.S.C. § 101 et seq. (the "Bankruptcy Code").

**ANSWER:**  Defendants deny that the agreement referenced in Paragraph 1 was "entered

---

[1] Capitalized terms used but not otherwise defined in this Answer shall have the meanings ascribed to them in the Complaint.

[2] The headings and sub-headings throughout the Complaint do not constitute well-pleaded allegations of fact and therefore require no response. To the extent a response is deemed required, they are denied.

into between The Weinstein Company and Bruce Cohen."  Defendants admit that Lantern seeks a declaratory judgment.  Defendants deny all remaining allegations in Paragraph 1.

2.       On September 21, 2011, The Weinstein Company entered into a contract with Bruce Cohen regarding Cohen's production of a motion picture entitled Silver Linings Playbook (the "Picture").[3] The contract specified that Cohen was to provide production services for the Picture in exchange for, in essence, compensation and film credits. Production of the Picture was completed in 2012, and the Picture was released in November of that year.

**ANSWER:**   Defendants deny that the contract referenced in Paragraph 2 of the Complaint is between The Weinstein Company, on the one hand, and Bruce Cohen, on the other. By way of further response, Defendants state that the contract referenced in Paragraph 2 of the Complaint is the best evidence of its contents and Defendants deny any allegations in Paragraph 2 to the extent they do not fully and accurately characterize the contents of the contract.

3.       On March 19, 2018 (the "Petition Date"), each of the Debtors filed a voluntary petition with this Court for relief under chapter 11 of the Bankruptcy Code.

**ANSWER:** Admitted.

4.       On May 9, 2018, the Court entered an order approving the sale of substantially all of the Debtors' assets to Lantern as contemplated in that certain Asset Purchase Agreement dated March 19, 2018 (as amended, supplemented or otherwise modified from time to time in

---

[3] Footnote 2 of the Complaint:  The Agreement was entered into between SLP Films, Inc. ("SLP Films") and Bruce Cohen Productions f/s/o Bruce Cohen, on behalf of Bruce Cohen, who is referred to as "Artist." See Agreement at 1. This Complaint will refer to both Cohen and his production company as "Cohen." Upon SLP Films' final delivery of the Picture to SLPTWC Films, LLC ("SLP"), SLP assumed SLP Films' obligations under the Agreement. Upon SLP's subsequent dissolution, its sole member, The Weinstein Company LLC—a wholly-owned subsidiary of The Weinstein Company—assumed the rights to and performed the obligations under the Agreement.

**ANSWER:**  Defendants admit that the Agreement was entered into between SLP Films, Inc., and Bruce Cohen Productions f/s/o Bruce Cohen, on behalf of Bruce Cohen.  Defendants are without information sufficient to form a belief as to the truth of the remaining allegations of Footnote 2 of the Complaint and therefore deny them.

accordance with the terms thereof, the "<u>APA</u>") [D.I. 846] (the "<u>Sale Order</u>").  The APA provides that, to the extent a contract is deemed to be nonexecutory, Lantern acquired all contractual rights owned by The Weinstein Company under that contract "free and clear of all Liens . . . to the fullest extent permitted by Section 363 of the Bankruptcy Code."  APA § 7.5 [D.I. 846-1, at 36].

**ANSWER:**  Defendants admit that the Court entered the Sale Order on May 9, 2018. The Defendants deny the remaining allegations in the Paragraph 4 of the Complaint.

5.     Much of the procedural history of the present issues has already been briefed for the Court in numerous pleadings. *See, e.g.*, *Motion for Order Establishing Streamlined Procedures to Resolve Objections to the Potential Assignment of Certain Executory Contracts and Unexpired Leases to Lantern Entertainment LLC* [D.I. 1282] (the "Procedures Motion"); *Omnibus Reply in Support of Motion for Order Establishing Streamlined Procedures to Resolve Objections to the Potential Assignment of Certain Executory Contracts and Unexpired Leases to Lantern Entertainment LLC* [D.I. 1394-1].

**ANSWER:**  Defendants admit that the documents referenced in Paragraph 5 of the Complaint contain some discussion of the procedural history in the Debtors' Chapter 11 cases.

6.     Relevant here, on June 8, 2018, the Debtors filed a notice regarding contracts that they considered to be not executory and that, therefore, need not be assumed and could be acquired as assets and assigned pursuant to Bankruptcy Code section 365. *See Debtors' Statement Regarding Contracts to Be Transferred Pursuant to the Asset Purchase Agreement with Lantern Entertainment LLC* [D.I. 1003] (the "<u>June 8 Statement</u>").

**ANSWER:**  Defendants admit that the Debtors filed the *Debtors' Statement Regarding Contracts to Be Transferred Pursuant to the Asset Purchase Agreement with Lantern*

*Entertainment LLC* [D.I. 1003] on June 8, 2018.  Defendants are without information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 6 and therefore deny them.

7.      On June 18, 2018, Cohen filed an objection to the June 8 Statement [D.I. 1045].

**ANSWER:**  Admitted.

8.      On July 13, 2018, the sale of substantially all of the Debtors' assets to Lantern closed [D.I. 1247].

**ANSWER:**  Defendants admit that D.I. 1247 states that on July 13, 2018, the sale of substantially all of the Debtors' assets to Lantern closed.

9.      On August 1, 2018, the Debtors filed the above-referenced Procedures Motion to establish procedures for resolving certain contract disputes [D.I. 1282].

**ANSWER:**  Denied.

10.      On August 23, 2018, the Court heard argument on the Procedures Motion. Cohen's counsel argued that the June 8 Statement was not a proper vehicle for asking the Court to determine the executory nature of certain contracts.  In response, the Court directed Lantern to file "a motion or an adversary, to determine what [its] rights are" under Rule 6006. Aug. 23, 2018 Hr'g Tr. at 54:25–55:2.  This Complaint ensued.

**ANSWER:**  Defendants admit only that the Court heard argument on the Procedures Motion on August 23, 2018, and that the Complaint was filed approximately two months thereafter.  Defendants deny the remaining allegations in Paragraph 10 of the Complaint.

### JURISDICTION AND VENUE

11.      The statutory bases for relief requested are (i) 28 U.S.C. § 2201, (ii) Bankruptcy Code sections 105, 363 and 365, and (iii) Rules 6006(a), 9014 and 7001(2) and (9) of the Federal

Rules of Bankruptcy Procedure (the "Bankruptcy Rules").

**ANSWER:** The allegations in Paragraph 11 of the Complaint constitute legal conclusions to which no response is required.

12.    This Court has jurisdiction over this adversary proceeding under 28 U.S.C. § 1334(b). Each of the claims set forth in this adversary proceeding is a core proceeding under 28 U.S.C. § 157(b).

**ANSWER:** The allegations in Paragraph 12 of the Complaint constitute legal conclusions to which no response is required.

13.    Venue of this adversary proceeding in this District is appropriate pursuant to 28 U.S.C. §§ 1408 and 1409.

**ANSWER:** The allegations in Paragraph 13 of the Complaint constitute legal conclusions to which no response is required.

14.    Plaintiff confirms its consent, pursuant to Bankruptcy Rule 7008 and Local Rule 7008-1 of the Local Rules for the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), to the entry of a final order by the Court in connection with this Action to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

**ANSWER:** Pursuant to Bankruptcy Rule 7012(b) and Local Rule 7012-1, Defendants hereby give notice that they consent to entry of final orders or judgments by the Bankruptcy Court with respect to the claims asserted in the Complaint.

**PARTIES**

15.    Plaintiff Lantern is a Delaware limited liability company and a wholly-owned

subsidiary of Lantern Entertainment Intermediate Holdco LLC, also a Delaware limited liability company. Lantern, directly and indirectly through its subsidiaries, commercially develops and produces motion pictures, television programs, and other audiovisual content.

**ANSWER:**  Defendants are without information sufficient to form a belief as to the truth of the allegations of Paragraph 15 and therefore deny them.

16.    Defendants in this proceeding are Bruce Cohen Productions, a California company, and Bruce Cohen, a resident of California.

**ANSWER:**  Defendants deny that defendant Bruce Cohen is a resident of California.

## FACTUAL BACKGROUND

17.    Lantern, through its acquisition of substantially all of the assets of the Debtors pursuant to a sale that closed on July 13, 2018, is the owner of the production *Silver Linings Playbook*, a motion picture that was released in theaters in November 2012.

**ANSWER:**  Defendants admit that *Silver Linings Playbook* is a motion picture that was release in theaters in November 2012.  Defendants deny the remaining allegations in Paragraph 17 of the Complaint.

18.    On September 21, 2011, The Weinstein Company entered into a letter agreement with Bruce Cohen regarding the production of the Picture (the "Agreement").

**ANSWER:**   Defendants deny that the The Weinstein Company is a party to the Agreement referenced in Paragraph 18 of the Complaint.

19.    The Agreement was entitled, **"Silver Linings Playbook" / Bruce Cohen / Producing Services Agreement**. As evidenced by the title of the Agreement and other provisions in the contract, the primary purpose of the contract was the hiring of Bruce Cohen to provide production services for the Picture. For example, the first sentence of the Agreement

reads: "This letter shall confirm the principal terms of the Agreement ('**Agreement**') reached between, on the one hand, SLP FILMS, INC. ('**Company**'), and, on the other hand, BRUCE COHEN PRODUCTIONS ('**Lender**') for the services of BRUCE COHEN ('**Artist**'), in connection with ***the producing services of Artist in connection with the motion picture project*** currently entitled 'Silver Linings Playbook' (the '**Picture**')."

**ANSWER:**  Denied.  By way of a further response, Defendants state that the contract referenced in Paragraph 19 of the Complaint is the best evidence of its contents and Defendants deny any allegations in Paragraph 19 to the extent they do not fully and accurately characterize the contents of the contract.

20.      In addition, paragraph 1 of the Agreement, entitled "<u>Development and Producing Services</u>," provides that "[i]n connection with the Picture, Lender shall cause Artist to render all customary development services for producers of first-class motion pictures which shall include, without limitation, supervising the writing services of all writers engaged by Company in connection with the development of the Picture." Paragraph 1 adds that, in the event the "Company (in the exercise of its sole discretion) elects to proceed with the production of the Picture with Artist as the producer thereof, then Lender shall cause Artist to render all services customarily rendered by individual producers in the motion picture industry for first-class motion pictures in connection with the pre-production, production and post production of the Picture."

**ANSWER:**  Defendants state that the contract referenced in Paragraph 20 of the Complaint is the best evidence of its contents and Defendants deny any allegations in Paragraph 20 to the extent they do not fully and accurately characterize the contents of the contract.

21.     Notably, the Agreement makes clear that Cohen was hired to provide production services until the Picture had been completely delivered to The Weinstein Company.  Once such delivery occurred, Cohen would be considered to have completed the production services described in the Agreement.  Indeed, the Agreement specifically states: "Artist's services shall be rendered on an exclusive basis, commencing eight (8) weeks prior to the start, if ever, of principal photography of the Picture and continuing until the conclusion of principal photography, and thereafter on a non-exclusive, first-priority basis *until complete delivery of the Picture to Company* in accordance with the Company approved post-production schedule."

**ANSWER:**  Denied.  By way of a further response, Defendants state that the contract referenced in Paragraph 21 of the Complaint is the best evidence of its contents and Defendants deny any allegations in Paragraph 21 to the extent they do not fully and accurately characterize the contents of the contract.

22.     Other sections of the Agreement also make clear that the primary purpose of the Agreement was the provision of production services, and that both parties' obligations arose from those services. For example, the Agreement provided fixed compensation to Cohen "[i]f the Picture is produced with Artist as producer thereof"; accorded Cohen with "Produced by" credit in second position "provided that the Picture is produced with Artist as producer thereof"; arranged certain travel accommodations to Cohen "for the purposes of rendering services in connection with [the] Picture"; stated that the "Company shall consult with Artist . . . with regard to key creative matters (i.e., principal cast, location, key crew, music, composer, final screenplay) in connection with the Picture"; provided Cohen with an exclusive assistant "for Artist's use in connection with Picture-related matters"; and described production specifications according to which Cohen "shall deliver the completed Picture to Company". In return, Cohen

agreed that his work in the Picture was deemed a "work-made-for-hire" owned wholly and exclusively by The Weinstein Company.

**ANSWER:** Denied. By way of a further response, Defendants state that the contract referenced in Paragraph 22 of the Complaint is the best evidence of its contents and Defendants deny any allegations in Paragraph 22 to the extent they do not fully and accurately characterize the contents of the contract.

23.     In consideration for the production services rendered by Cohen, The Weinstein Company agreed to provide Cohen with fixed and contingent compensation. The Fixed Compensation was to be paid on a schedule that was tied to the progress of Cohen's production services. Specifically, The Weinstein Company agreed to provide Cohen with Fixed Compensation in the amount of $250,000 "pursuant to a 20:80 payout schedule (i.e., 20% payable weekly during the eight [8] weeks preceding principal photography; and 80% payable weekly during principal photography)." The Weinstein Company also agreed to provide Cohen with Contingent Compensation that was tied to the success of the motion picture.

**ANSWER:** Defendants deny that The Weinstein Company is a party to the contract referenced in Paragraph 23 of the Complaint. By way of a further response, Defendants state that the contract referenced in Paragraph 23 of the Complaint is the best evidence of its contents and Defendants deny any allegations in Paragraph 23 to the extent they do not fully and accurately characterize the contents of the contract.

24.     The Weinstein Company has paid Cohen sums pursuant to the Agreement.

**ANSWER:** Defendants admit that they received money from The Weinstein Company.

25.     Cohen completed his production services in 2012 and the Picture was released in theaters in November of that year.

**ANSWER:**  Defendants admit that the Picture was released in theaters in November 2012.  Defendants deny the remaining allegations in Paragraph 25 of the Complaint.

<u>**PLAINTIFF'S FIRST CLAIM FOR RELIEF**</u>
(Declaratory Judgment Pursuant to 28 U.S.C. § 2201
and Bankruptcy Rules 7001(9) and 7001(2))

26.    Plaintiff repeats and realleges the allegations contained in the preceding paragraphs of this Complaint as if fully set forth herein.

**ANSWER:**  Defendants repeat and reallege their responses to each and every allegation contained in Paragraphs 1 through 25 as if fully set forth herein.

27.    Pursuant to the Declaratory Judgment Act, "[i]n a case or actual controversy within its jurisdiction . . . any court of the United States . . . may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought." 28 U.S.C. § 2201(a). Bankruptcy courts, as units of the district court, have the authority to issue declaratory judgments to settle legal rights and remove uncertainty and insecurity from legal relationships without awaiting violation of rights or disturbance of relationships.

**ANSWER:**   The allegations in Paragraph 27 of the Complaint constitute legal conclusions to which no response is required.

28.    Under Bankruptcy Rules 7001(2) and (9), an adversary proceeding may be commenced "to determine the validity, priority, or extent of a lien or other interest in property," or "to obtain a declaratory judgment relating to" such a determination. Fed. R. Bankr. P. 7001(2), (9).

**ANSWER:**   The allegations in Paragraph 28 of the Complaint constitute legal conclusions to which no response is required.

29.    Under Bankruptcy Rules 6006(a) and 9014, "contested matters to determine whether the contract or lease is executory are decided by the court." 10 Collier on Bankruptcy ¶ 6006.01[6] (16th ed. 2011).  Nonexecutory contracts possessed by a debtor's estate may be sold free and clear of any claims arising thereunder pursuant to section 363 of the Bankruptcy Code. *See* 11 U.S.C. § 363(c)(1).  Due to the actual or likely controversy between Plaintiff and Cohen as to the nonexecutory nature of the Agreement, and in order to aid the administration of the Debtors' estate, a declaration of rights is both necessary and appropriate to establish that the Agreement is not executory.

**ANSWER:**    The allegations in Paragraph 29 of the Complaint constitute legal conclusions to which no response is required.

30.    A contract is only executory under Bankruptcy Code section 365 if "the obligation of both the bankrupt and the other party to the contract are so far unperformed that the failure of either to complete performance would constitute a material breach excusing performance of the other."  *In re Columbia Gas Sys. Inc.*, 50 F.3d 233, 239 (3d Cir. 1995). As the Third Circuit has explained, "substantial performance will preclude rejection, as the contract cannot be materially breached and, therefore, cannot constitute an executory contract." *In re Foothills Texas, Inc.*, 476 B.R. 143, 156 (Bankr. D. Del. 2012) (citing *In re Exide Techs.*, 607 F.3d 957, 963 (3d Cir. 2010), as amended June 24, 2010).

**ANSWER:**    The allegations in Paragraph 30 of the Complaint constitute legal conclusions to which no response is required.

31.    Here, because the parties have materially performed under the Agreement, the Agreement is not executory. Cohen has completed performing his production services of the Picture, and The Weinstein Company completed performance by providing Cohen with

compensation and other forms of consideration, such as film credit rights, during the production period as per the terms of the Agreement.  The Picture was produced and released in November 2012 and no material obligations remain for either party to perform.

**ANSWER:**  Defendants admit that the Picture was released in November 2012. Defendants deny the remaining allegations in Paragraph 31 of the Complaint.

32.    A declaratory judgment would settle the controversy, ensure that the Agreement is not considered executory, and therefore may be properly assigned to Lantern pursuant to Bankruptcy Code section 363, and aid the Debtors in their reorganization efforts.

**ANSWER:**  Denied.

WHEREFORE, Plaintiff respectfully requests that the Court enter an order declaring that (a) the Agreement is nonexecutory in nature, and (b) as a result, the Agreement was properly assigned to Lantern free and clear of any claims arising thereunder pursuant to Bankruptcy Code section 363.

**ANSWER:**  Defendants deny that the Plaintiff is entitled to any of the relief set forth in the "Wherefore" section of the Complaint and deny all allegations contained therein.

**<u>AFFIRMATIVE DEFENSES</u>**

Without assuming any burden of proof or persuasion they would not otherwise bear, Defendants assert the following affirmative defenses. Nothing stated herein is intended or shall be construed as an admission that any particular issue or subject matter is relevant to this action.

1.    The Complaint fails to state a claim that entitles the Plaintiff to any relief against Defendants.

2.    The Plaintiff lacks standing to pursue the claim asserted in the Complaint.

3.    The Plaintiff is not entitled to the remedies sought in the "Wherefore" section of

the Complaint.

4.      Some or all of the claims in the Complaint are barred by the doctrines of res judicata/collateral estoppel, judicial estoppel, and law of the case.

5.      Some or all of the claims in the Complaint are barred by the doctrines of waiver and/or acquiescence.

6.      Some or all of the claims in the Complaint are barred pursuant to the Sale Order.

7.      Some of all of the claims in the Complaint are (or will be) rendered moot.

Defendants expressly reserve the right to amend and/or supplement their affirmative and other defenses.

WHEREFORE, Defendants respectfully pray for judgment in their favor on all Counts set forth in the Complaint and for such other and further legal and equitable relief as the Court deems just and proper, including, without limitation, the costs and fees incurred by Defendants.

Dated: November 16, 2018                    CROSS & SIMON, LLC

                                            */s/ Christopher P. Simon*
                                            Christopher P. Simon (No. 3697)
                                            1105 North Market Street, Suite 901
                                            Wilmington, DE 19801
                                            Telephone: (302) 777-4200
                                            csimon@crosslaw.com

                                            - and -

                                            LANDAU GOTTFRIED & BERGER LLP
                                            Michael I. Gottfried
                                            Roye Zur
                                            1801 Century Park East, Suite 700
                                            Los Angeles, CA 90067
                                            mgottfried@lgbfirm.com
                                            rzur@lgbfirm.com

                                            *Attorneys for Defendants Bruce Cohen Productions*
                                            *and Bruce Cohen*