IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

```
------------------------------------------------------------ x
                                                             :   Chapter 11
In re:                                                       :
                                                             :   Case No. 18-10601 (MFW)
The Weinstein Company Holdings LLC, et al.,                  :
                                                             :   (Jointly Administered)
                    Debtors.                                 :
                                                             :   Re: Docket Nos. 846, 1664, 1695, 1724, 1771,
                                                             :   1939, 1940, 1944, 1945 1958, 1960, 1971,
                                                             :   1987
------------------------------------------------------------ x
Lantern Entertainment LLC,                                   :
                                                             :
                    Plaintiff,                               :
                                                             :   Adv. Pro. No. 18-50924 (MFW)
    v.                                                       :
                                                             :   Re: Adv. Pro. Docket Nos. 1, 6, 7, 8, 10, 11,
Bruce Cohen Productions, and Bruce Cohen,                    :   25, 26, 28, 29, 31, 37, 39
                                                             :
                    Defendants.                              :
------------------------------------------------------------ x
```

**ORDER (I) GRANTING LANTERN ENTERTAINMENT LLC'S
MOTION FOR SUMMARY JUDGMENT; (II) DENYING MOTION TO STRIKE
OF CONTRACT COUNTERPARTIES; (III) DENYING IN PART, AND GRANTING IN
PART, JOINT MOTION OF SLP CONTRACT COUNTERPARTIES' TO CLARIFY
SALE ORDER; AND (IV) DENYING IN PART, AND GRANTING IN PART,
CONTRACT COUNTERPARTIES' MOTION FOR ORDER CONFIRMING THAT
COUNTERPARTIES' AGREEMENTS HAVE BEEN DESIGNATED BY LANTERN
FOR ASSUMPTION AND ASSIGNMENT, INCLUDING JOINDER OF COMMITTEE**

Upon the (i) *Plaintiff's Motion for Summary Judgment to Determine the Nonexecutory Nature of a Contract* [Adv. Docket No. 6] (the "Summary Judgment Motion") and all responses thereto (the "Summary Judgment Pleadings"); (ii) *Contract Counterparties' Motion to Strike;*[1] (iii) *Notice of Supplemental Objection and Joint Motion of SLP Contract Counterparties to Clarify*

---

[1] *Contract Counterparties' Motion to Strike Objection of Lantern Entertainment LLC to (I) Supplemental Objection and Joint Motion of SLP Contract Counterparties to Clarify Sale Order; (II) Motion of Executory Contract Counterparties for Order Confirming That Counterparties' Agreements Have Been Designated by Lantern for Assumption and Assignment; and (III) The Official Committee of Unsecured Creditors' (I) Objection to Supplemental Notice of Filing of List of Assumed Contracts Pursuant to Sale Order and (B) Joinder to the Motion of Executory Contract Counterparties for Order Confirming That Counterparties' Agreements Have Been Designated By Lantern for Assumption and Assignment* [Docket No. 1958; Adv. Pr. Docket No. 31] (the "Motion to Strike").

EAST\164064608.6

*Sale Order* [Docket No. 1664] (the "Motion to Clarify"); (iv) *Motion of Executory Contract Counterparties for Order Confirming That Counterparties' Agreements Have Been Designated by Lantern for Assumption and Assignment* [Docket No. 1724] (the "Motion to Confirm") and any joinders thereto, including *The Official Committee of Unsecured Creditors' Joinder to the Motion of Executory Contract Counterparties for Order Confirming That Counterparties' Agreements Have Been Designated By Lantern for Assumption and Assignment* [Docket No. 1771] (the "Committee Joinder");[2] (v) *Omnibus Objection of Lantern Entertainment LLC to (I) Motion to Clarify; (II) Motion to Confirm; and (III) Committee Joinder* [Docket No. 1939; Adv. Docket No. 25] (the "Omnibus Objection"); (vi) the Court's *Order Authorizing Lantern Entertainment LLC to File Under Seal Exhibits to and Related Chart Regarding, and to Redact Certain Information from Exhibits to Declaration Regarding the Omnibus Objection* [Docket No. 1987; Adv. Docket No. 39] (the "Seal Order"); and (vii) Lantern Entertainment LLC's *Objection to Motion to Strike* [Docket No. 1971; Adv. Docket No. 37] (the "Strike Objection" and, collectively with the Summary Judgment Pleadings, the Motion to Strike, the Motion to Clarify, the Motion to Confirm, the Committee Joinder and the Omnibus Objection, the "Matters"); and the Court having considered and admitted into evidence the *Declaration of Irwin Reiter in Support of Summary Judgment Motion* [Adv. Docket No. 8] and the *Declaration of Irwin Reiter in Support of Omnibus Objection* [Docket No. 1945; Adv. Docket No. 29]; and the Court having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware dated February 29, 2012; and the Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2), and that the Court may enter a final order consistent with Article III of the United States Constitution; and the

---

[2] This Order does not address the portion of the Committee Joinder entitled "Objection to Supplemental Notice of Filing of List of Assumed Contracts Pursuant to Sale Order," which matter has been adjourned to February 25, 2019 or a sooner date subject to the Court's calendar.

Court having found that the venue of this proceeding and the Matters is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and the Court having considered the Matters; and the Court having conducted a hearing on the Matters on January 14, 2019 (the "Hearing"); and based on the evidence adduced at the hearing; and for the reasons set forth on the record at the Hearing; and the Court having rendered a ruling from the bench at the Hearing that is memorialized in this Order,

IT IS HEREBY ORDERED THAT:

1. The Summary Judgment Motion is GRANTED. That certain *"Silver Linings Playbook"/Bruce Cohen/Producing Services Agreement* between SLP Films, Inc. and Bruce Cohen Productions (f/s/o Bruce Cohen) dated as of September 21, 2011 (including all addenda and attachments thereto, the "Cohen Talent Agreement") was not executory as of March 19, 2018 (the "Petition Date"); the above-captioned debtors and debtors in possession (the "Debtors") owned the rights to the Cohen Talent Agreement as of the Petition Date; and Lantern Entertainment LLC purchased the rights to the Cohen Talent Agreement pursuant to Section 363 of the Bankruptcy Code, pursuant to this Court's order, dated May 9, 2018 [Docket No. 846], which sale closed on July 13, 2018, and Lantern Entertainment LLC is bound by, and shall comply with all post-closing obligations arising thereunder, including, but not limited to its payment obligations.

2. The Motion to Strike is denied.

3. The Motion to Clarify is granted to the extent set forth in paragraph 1. ~~with respect to the SLP Contract Counterparties request to confirm that pursuant to the Sale Order and the Amended Sale Order, Lantern Entertainment LLC is bound by, and shall comply with all post-closing obligations arising thereunder, including, but not limited to its payment obligations. The Motion to Clarify is otherwise denied.~~

4. The Motion to Confirm and the Committee Joinder are granted to the extent that if any of the contracts listed on the November 8, 2018 Supplemental Notice of Filing of List of

3

Assumed Contracts Pursuant to Sale Order as "Disputed Contracts to be assumed subject to outcome of litigation", including the contracts of the Counterparties so designated, are found to be executory by a Court of competent jurisdiction, Lantern Entertainment LLC has lost the right to designate them an excluded asset, and Lantern Entertainment LLC would be obligated to have any such contracts assumed and assigned, and pay all cure amounts as agreed to by the parties or determined by the Court. The Motion to Confirm and Committee Joinder are otherwise denied.[3]

5. The Court retains jurisdiction with respect to all matters arising out of or relating to the implementation, interpretation, and enforcement of this Order.

 

MARY F. WALRATH
UNITED STATES BANKRUPTCY JUDGE

Dated: Jan 23, 2019
Wilmington, Delaware

---

[3] The Committee's objection with respect to Waco is preserved and such objection will be heard on February 25, 2018 at 4:00 p m. (Eastern Time) or such other date and time as mutually agreed to by the parties. Additionally, the Court makes no ruling at this time with respect to whether agreements with Counterparties other than the Cohen Talent Agreement are executory, or whether the agreements with Counterparties may be "integrated" with, or are indivisible from, other agreements that already have been assumed and assigned.

EAST\164064608.6